IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE MONTES,

    Plaintiff,

vs.                                                    Civ. No. 10-00013 JP/RHS

REMINGTON ARMS COMPANY,
INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 4, 2009, Defendant filed Defendant's F.R.C.P. 12(f) Motion to Strike and Brief in Support (Doc. No. 6)(Motion to Strike). Having reviewed the briefs and relevant law, the Court determines that the Motion to Strike should be denied.

*A. Background*

Plaintiff alleges in Plaintiff's Original Complaint (Doc. No. 1)(Complaint), filed September 30, 2009, that on March 22, 2009, a Remington Model 700 rifle fired as he was trying to lift the bolt to unload the weapon. According to Plaintiff, he did not pull the trigger and the rifle's discharge injured his eye. Plaintiff brings four claims against Defendant: a strict liability claim (Count I), a negligence claim (Count II), a failure to warn claim (Count III), and a claim for exemplary or punitive damages (Count IV). In describing his exemplary or punitive damages claim, Plaintiff includes in ¶¶25-62 of the Complaint evidentiary facts and allegations regarding: 1) consumer complaints to Defendant about the Model 700 rifle's defective fire control mechanism, 2) lawsuits similar to this one and their outcomes, 3) technical descriptions of the alleged defective fire control mechanism, 4) excerpts from deposition transcripts taken in similar lawsuits, 5) Defendant's failure to warn purchasers of the Model 700 rifle's firing defect, 6)

Defendant's failure to recall the Model 700 rifles, and 7) Defendant's refusal to implement a redesign of the defective fire control mechanism which would make the Model 700 rifle safe.

Defendant did not answer ¶¶25-62 in its Answer to Paragraphs 1-24 and 63-67 of Plaintiff's Original Complaint (Doc. No. 6-3)(Answer) because "[p]aragraphs 25 through 62 are subject to Remington's Rule 12(f) motion to strike." Answer at 4. Interestingly, a plaintiff in a similar lawsuit included in the complaint the same paragraphs as ¶¶25-62, but Defendant, in that case, did not move to strike the paragraphs and actually answered the paragraphs. Ex. A, Answer to Plaintiff's First Amended Complaint (Doc. No. 9) at 4-10 filed in *Bledsoe v. Remington Arms Company, Inc.*, Civ. No. 09-00069 WLS (M.D. Ga.)(attached to Plaintiff's Response to Defendant's F.R.C.P. 12(f) Motion to Strike and Brief in Support (Doc. No. 8)). Defendant now moves to strike ¶¶25-62 of the Complaint under Fed. R. Civ. P. 12(f).[1]

*B. Standard of Review*

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are disfavored and rarely granted "because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic...." *Salazar v. Furrs, Inc.*, 629 F.Supp. 1403, 1411 (D. N.M. 1986); Wright & Miller, 5C *Federal Practice and Procedure: Civil 3d* §1380 at 394 (2004). "[T]he court will usually deny a motion to strike

---

[1]The Court notes that Defendant attempts to expand its Motion to Strike in Defendant's Reply Brief in Support of its F.R.C.P. 12(f) Motion to Strike (Doc. No. 11) (Reply) by contending that the Complaint also violates Fed. R. Civ. P. 8(a)(2)(a complaint "must contain: ... a short and plain statement of the claim showing that the pleader is entitled to relief....") and Fed. R. Civ. P. 8(d)(1)("Each allegation must be simple concise, and direct."). The Court, however, will not analyze the Motion to Strike in the context of Rule 8 because Defendant denied Plaintiff an opportunity to address the Rule 8 argument by raising it for the first time in the Reply.

unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213, 1215 (D. Kan. 1998). In addition, "[i]f evidentiary facts are pleaded, and they aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Id*. at 1215-16. The Court has considerable discretion in resolving a Rule 12(f) motion to strike. Wright & Miller, 5C *Federal Practice and Procedure: Civil 3d* §1382 at 433 (2004).

*C. Discussion*

Defendant argues that ¶¶25 to 62 of the Complaint should be stricken because those paragraphs are argumentative, redundant, unnecessary, conclusory, and impertinent. Defendant claims that the lengthy, confusing, and complex nature of these paragraphs places an undue burden on it. Plaintiff, on the other hand, contends that the Defendant has failed to show with any specificity that the Court should strike ¶¶25 to 62 under Rule 12(f).

The Court agrees with Plaintiff. First, Defendant has not demonstrated that the evidence and allegations in ¶¶25 to 62 have "no possible relation" to this case. *See Nwakpuda*, 14 F.Supp.2d at 1215. On the contrary, ¶¶25 to 62 contain evidentiary facts and allegations relevant to all of Plaintiff's claims, i.e., his claims of strict liability, negligence, failure to warn, and exemplary or punitive damages. Second, Defendant has not persuaded the Court that the inclusion of ¶¶25 to 62 will prejudice it; Defendant simply argues in a conclusory manner that it will be prejudiced. It is telling, however, that Defendant previously answered these same paragraphs in *Bledsoe*, and the Court suspects that it would not be difficult for Defendant to duplicate those answers in this case. Third, and finally, ¶¶25 to 62 "aid in giving a full understanding of the complaint as a whole...." *See Nwakpuda*, 14 F.Supp.2d at 1215-16. Paragraphs 25-62 provide a useful background on previous consumer complaints concerning the

Model 700 rifle and similar litigation.  Paragraphs 25-62 are also helpful in understanding the nature of the alleged defective firing mechanism. Moreover, ¶¶25-62 shed light on Plaintiff's allegation that Defendant improperly responded to the defective firing mechanism once it was aware of the problem, and the paragraphs explain the basis for Plaintiff's claim of exemplary or punitive damages.  Considering Rule 12(f) motions are disfavored and rarely granted and that Defendant's arguments in favor of the Motion to Strike are not particularly persuasive, the Court concludes that Defendant's Motion to Strike should be denied.

    IT IS ORDERED that Defendant's F.R.C.P. 12(f) Motion to Strike and Brief in Support (Doc. No. 6) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE